Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
David S. Kupetz (CA Bar No. 125062)
  dkupetz@sulmeyerlaw.com
Claire K. Wu (CA Bar No. 295966)
  ckwu@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for collab9, LLC,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>COLLAB9, LLC, a Delaware limited liability company,<br><br>Tax ID: 95-4650291<br><br>Debtor. | Case No. 2:21-bk-12222-ER<br><br>Chapter 11<br><br>**DECLARATION OF DEBBIE A. PEREZ RE TELEPHONIC NOTICE OF "FIRST DAY" MOTIONS**<br><br><u>Hearing</u>:<br>Date:   March 24, 2021<br>Time:  10:00 a.m.<br>Place:  Courtroom 1568<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

DAP 2710554v1

I, Debbie A. Perez, declare:

1. I am over the age of eighteen and am employed by the law firm of **Sulmeyer**Kupetz, A Professional Corporation ("SulmeyerKupetz"), as a legal assistant, counsel of record in this case for collab9, LLC., a Delaware limited liability company, debtor and debtor in possession in the above-captioned case (the "Debtor").  Each of the facts contained in this declaration are based on my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. On March 22, 2021, Claire K. Wu, an attorney employed by SulmeyerKupetz, instructed me to provide telephonic notice of the information set forth in subparagraphs 2(a) through 2(c) below to the Debtor's secured creditors, the twenty largest unsecured creditors, and the Office of the United Stated Trustee (the "Notice Parties"), before 7:00 p.m. (PST) on March 22, 2021:

   (a) that I was calling in connection with the bankruptcy case of collab9, LLC., a Delaware limited liability company, debtor and debtor in possession, Case No. 2:21-bk-12222-ER, and that the Court had set an emergency hearing on the following motions: (1) "Debtor's Emergency Motion for Order Authorizing Debtor to Maintain Bank Accounts and Cash Management System and Continue Use of its Existing Business Forms;" (2) "Debtor's Emergency Motion for Order Authorizing Payment and/or Honoring of Prepetition Workforce Obligations, Including Compensation, Benefits, Reimbursements, Withholding Taxes, Accrued Vacation, and Related Claims;" (3) Debtor's Emergency Motion for Order: (1) Limiting Extent of Notice Required for Administrative Matters; and (2) Authorizing Service by Electronic Mail;" (4) "Debtor's Emergency Motion for Extension of Time to file Schedules, Statement of Financial Affairs, and Lists;" and (5) "Debtor's Emergency Motion for Interim and Final Orders: (1) Authorizing Debtor to Obtain Postpetition Loan Secured by Senior Lien Pursuant to 11 U.S.C. § 364; (2) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3) Scheduling Final Hearing on Motion; and Granting Related Relief" (the "First Day Motions"), for **March 24, 2021, at 10:00 a.m.**, before the Honorable Ernest M. Robles, United States Bankruptcy Judge, in Courtroom "1568" of the United States Bankruptcy Court located at 255 East Temple Street, Los Angeles, CA 90012, via CourtCall;

1

   (b) that any opposition or other response to the Motion may be made orally at the hearing;

   (c) that written notice with the above information will be e-mailed or overnighted.

 3. On March 22, 2021, before 7:00 p.m. (PST), I telephoned each of the Notice Parties or their counsel and provided them with the information outlined in subparagraphs 2(a) through 2(c) as follows:

   a. At 3:23 p.m., I contacted SecureComm. LLC (425.505.2503), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   b. At 3:28 p.m., I contacted, the attorneys for SecureComm. LLC, Matthew A. Lesnick, Esq., (310. 396.0964), and my call was immediately directed to Mr. Lesnick's voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   c. At 3:34 p.m., I contacted Avaya, Inc. (408.562.3449), and my call was immediately directed to Bernie Barlow's voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   d. At 3:50 p.m., I contacted the attorneys for Avaya, Inc., Jacob A. Kramer, Esq. (202.508.6153), and my call was immediately directed to Jacob Kramer's voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   e. At 4:07 p.m., I contacted Equinix, Inc. (866.979.3749), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   f. At 4:13 p.m., I contacted Solarwinds (512.682.9300), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   g. At 4:18 p.m., I contacted Insight Direct USA (877.776.0610), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

h.  At 4:30 p.m., I contacted XO Communication (800.569.8799), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

i.  At 4:45 p.m., I contacted Lumen (877.253.8353), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

j.  At 4:56 p.m., I contacted Allied Digital Services LLC (ADSL) (310.431.3904), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

k.  At 5:05 p.m., I contacted Axelliant, LLC (424.535.1100), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

l.  At 5:19 p.m., I contacted Freshworks Inc. (866.832.3090), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

m.  At 5:30 p.m., I contacted the Office of the United States Trustee (213.894.6811), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

n.  At 5:35 p.m., I contacted Zones Inc. (800.570-2410), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

o.  At 5:38 p.m., I contacted Open Text Inc. (610.966.2423), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

p.  At 5:42 p.m., I contacted Subsentio, LLC (303.794.6936), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

q.  At 5:45 p.m., I contacted GTT Communication, Inc. (646.214.4137), and my

3

call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   r. At 5:49 p.m., I contacted Intrado Life & Safety, Inc. (402.571.3200), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

   s. At 5:55 p.m., I contacted Law Office of Stephen E. Bozzo PLLC (703.217.7143), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above. Subsequently, Mr. Bozzo returned my call confirming receipt of my voicemail.

   t. At 6:00 p.m., I contacted Key-Rite Security Lock & Safe (303.759.5013), and my call was immediately directed to voicemail where I left a message with the information outlined in subparagraphs 2(a) - 2(c) above.

I declare under penalty of perjury that the foregoing is true and correct, that I am employed in the office of a member of the Bar of this Court, at whose direction the telephonic notice described above was made, and that this declaration was executed on March 22, 2021, at Los Angeles, California.

_/s/ Debbie A. Perez_
Debbie A. Perez

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF DEBBIE A. PEREZ RE TELEPHONIC NOTICE OF "FIRST DAY" MOTIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  March 22, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David S Kupetz on behalf of Debtor collab9, LLC, a Delaware limited liability company
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Matthew A Lesnick on behalf of Creditor SecureComm. LLC
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Victor A Sahn on behalf of Debtor collab9, LLC, a Delaware limited liability company
vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Claire K Wu on behalf of Debtor collab9, LLC, a Delaware limited liability company
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 22, 2021 | Debbie A. Perez | /s/Debbie A. Perez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DAP 2710554v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**