Victor A. Sahn (CA Bar No. 97299)
vsahn@sulmeyerlaw.com
David S. Kupetz (CA Bar No. 125062)
dkupetz@sulmeyerlaw.com
Claire K. Wu (CA Bar No. 295966)
ckwu@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for collab9, LLC,
Debtor and Debtor in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>COLLAB9, LLC, a Delaware limited liability company,<br><br>Tax ID: 95-4650291<br><br>Debtor. | Case No. 2:21-bk-12222-ER<br><br>Chapter 11<br><br>**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SULMEYERKUPETZ, A PROFESSIONAL CORPORATION, AS BANKRUPTCY COUNSEL; DECLARATIONS OF KEVIN B. SCHATZLE AND VICTOR A. SAHN IN SUPPORT THEREOF**<br><br>[11 U.S.C. §§ 327, 330; Fed. R. Bankr. P. 2014; LBR 2014-1(b)]<br><br>[No hearing required unless requested] |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS, AND OTHER PARTIES IN INTEREST:**

Pursuant to 11 U.S.C. §§ 327(a) and 330, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1(b), collab9, LLC, a Delaware limited liability company, debtor and debtor in possession in the above-captioned case (the "Debtor" or "collab9"), hereby applies for authority to employ **Sulmeyer**Kupetz, A Professional Corporation ("SK"), as the Debtor's bankruptcy counsel in this case, effective as of March 19, 2021, pursuant to the terms and conditions stated in this application (the "Application").

## I.

## BACKGROUND

### A. The Debtor and the Bankruptcy Filing

On March 19, 2021 (the "Petition Date"), the Debtor commenced the above-captioned bankruptcy case. The Debtor continues to manage and operate its business as a debtor in possession. No trustee or creditors' committee has been appointed in the Debtor's chapter 11 case.

The Debtor is a cloud security service provider for managed voice, collaboration, conferencing and contact center services primarily for U.S. public sector customers. Operating under the aegis of a General Services Administration ("GSA") approved Federal Risk and Authorization Management Protocol ("FedRAMP") Authority to Operate ("ATO") "in process" at the moderate level, collab9 uniquely caters to the public sector marketplace.

The Debtor provides unified communications as a service ("UCaaS"). The Debtor's platform integrates voice, video, messaging, mobility, presence, conferencing, and customer care in one predictable, user-based subscription model. The Debtor was one of the first hosted voice and collaboration services providers in the marketplace to meet the rigorous National Institute of Standards and Technology (NIST) defined FedRAMP requirements. In addition to its government-specific accreditations, the Debtor's solution is enterprise-class. The Debtor's platform infrastructure meets the security, capacity and performance requirements of large-scale public sector and commercial organizations.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

As a result of the actions of Avaya, Inc. ("Avaya"), as set forth in detail in the Debtor's "first day" motions and supporting declarations, and due to a liquidity crisis, without additional funding, the Debtor's operations would have had to cease in the beginning of March, 2021. However, in order to protect the interests of creditors and equity holders and due to the mission critical nature of collab9's communications services to essential government agencies, the Debtor found a path forward, including obtaining funding, a commitment for additional essential financing, and implementation of a process to protect and preserve its business and the value of its business/assets through this chapter 11 case. The Debtor's current intent is to move forward with an expeditious sale process and effectuate a sale of the company's business/assets.

**B. SK's Pre-Petition Services**

SK represented the Debtor with respect to restructuring and bankruptcy matters and related issues prior to filing of the Debtor's chapter 11 petition, advised the Debtor in connection with the commencement of this case, and otherwise rendered services to the Debtor in preparing for the filing of this case, including, but not limited to, preparing multiple "first day" motions in this case. SK worked on other pleadings needed to be filed in this bankruptcy case as well as agreements that shall be filed in this case. SK counseled with the Debtor's management and with its shareholders regarding operations, reorganization alternatives and duties respecting creditors and the chapter 11 process. As a result of the foregoing, without limitation, SK is familiar with the Debtor, its operations, and restructuring goals for this case.

**II.**

**PROPOSED EMPLOYMENT OF SK**

**A. Scope and Terms of Employment**

**1. Services to be Provided**

The Debtor now seeks to employ SK as the Debtor's bankruptcy counsel in this case pursuant to the terms and conditions stated in this Application, effective as of the Petition Date (i.e., March 19, 2021).

SK has agreed to continue its representation of the Debtor, and the Debtor believes it necessary to have SK employed as bankruptcy counsel in this chapter 11 case, to represent it as

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

debtor and debtor in possession. Such employment may include, among other things: (a) preparation of bankruptcy schedules and statement of affairs, (b) compliance with United States Trustee requirements, including the preparation of the 7-day package and representation at 341(a) meetings of creditors, (c) the examination of claims of creditors in order to determine their validity, (d) giving advice and counsel to the Debtor in connection with legal issues, including, but not necessarily limited to, the use, sale or lease of property of the estate, use of cash collateral, postpetition financing, relief from the automatic stay, special treatment of creditors, payment of prepetition obligations, the rejection or assumption of leases, and related matters, (e) negotiation with creditors holding secured and unsecured claims, (f) preparing and presenting a plan of reorganization or liquidation and disclosure statement, (g) objecting to claims as may be appropriate, (h) review, analysis, legal research, and the preparation of documents, correspondence, and other communications with regard to the foregoing matters, and (i) in general, acting as counsel on behalf of the Debtor in any and all bankruptcy law and related matters which may arise in the course of this case. Such services will concern the rights and remedies of the Debtor with regard to the assets of the Estate and with regard to secured, priority, or unsecured claims which may be asserted in this case.

It is necessary for the Debtor to employ SK to undertake such actions as may be appropriate or necessary in connection with the preservation and realization of value of the chapter 11 estate and the reorganization of the Debtor. Further, it is necessary and appropriate to employ bankruptcy counsel to advise the Debtor so that the Debtor may properly comply with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the requirements and guidelines of the United States Trustee, and any orders of this Court.

**2. <u>Compensation and Retainer</u>**

The Debtor proposes to employ SK, effective as of the Petition Date, at the expense of the Estate, pursuant to 11 U.S.C. § 330 in accordance with the terms and conditions set forth in this Application.

SK will charge the Debtor for services rendered at SK's ordinary hourly rates in effect at the time the services are rendered. A schedule of the current rates being charged by attorneys and

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

paraprofessionals of SK is attached to the Declaration of Victor A. Sahn (the "Sahn Declaration") as Exhibit 1, subject to periodic adjustment. As set forth in Exhibit 1, at this time, SK bills its time at hourly rates ranging from $495 to $750 for attorneys, and $250 to $275 for paraprofessionals. A resume of SK is attached to the Sahn Declaration as Exhibit 2, including a selective list of articles, together with the individual profiles of the attorneys at SK. Victor A. Sahn, whose current hourly rate is $750, will be the attorney at SK with primary responsibility for SK's representation of the Debtor in this case.

At this time, the other attorneys at SK who are contemplated to work extensively on this matter are David S. Kupetz and Claire K. Wu. Their current hourly rates are $725 and $495, respectively. In addition, SK utilizes paralegals for certain tasks when appropriate to minimize fees incurred. At this time, Karen L. Files, a paralegal at SK, is assigned to work on this matter. Her hourly rate currently is $250. SK will also seek reimbursement of out-of-pocket expenses incurred in this engagement in the course of its representation of the Debtor.

SK has not agreed to share any compensation for services rendered or to be rendered in any capacity in connection with this case between SK and any other entity, except among SK's members and employees.

SK seeks compensation pursuant to 11 U.S.C. § 330. SK is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the United States Trustee Guidelines, and shall comply with them. SK understands that, notwithstanding anything to the contrary in this Application, any and all fees and expenses sought or requested by, or paid to, SK is subject to Court approval and in the amounts approved by the Court upon application in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court, and any other applicable law and guidelines. At the conclusion of this case or SK's proposed engagement, SK will file an application seeking final allowance of all its fees and expenses, regardless of whether monthly or interim compensation has been paid to SK.

SK was engaged by the Debtor as restructuring/bankruptcy counsel prior to the Petition Date. SK provided prepetition services to the Debtor with regard to bankruptcy and restructuring issues, matters and alternatives and provided services in preparation for the commencement of a chapter 11

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

case by the Debtor.

Prior to the Petition Date, in connection with SK's representation of the Debtor, the Debtor provided SK a total of $135,000 as a retainer as an advance for fees and costs incurred as of the commencement of the Debtor's chapter 11 case, with the unused balance remaining to constitute an advance against fees and costs incurred after the commencement of the case (the "Retainer"), as follows: (a) $5,000 on or about January 28, 2021; (b) $50,000 on or about February 10, 2021; and (c) $80,000 on or about February 25, 2021. SK applied $135,000 of the Retainer to fees and costs incurred in SK's representation of the Debtor pre-petition. As of the commencement of the case, SK's unused prepetition Retainer balance remaining was zero. The source of the Retainer received pre-petition is the Debtor's funds. However, the Debtor received those funds from SecureComm. LLC ("SecureComm") and the payments made described above are included within the prepetition secured claim of SecureComm. SK is not asserting a claim for amounts unpaid as of the time of the filing of the petition.

To ease the financial burden that would inure to SK in limiting payment only to every 120 days, consistent with any cash collateral stipulation, cash collateral usage, postpetition financing, and/or related budget approved by the Court, the Debtor and SK request that the Court authorize SK to receive payment on a monthly basis and as set forth below, with allowance of all such fees and costs subject to Court approval.

To the extent authorized by Court order(s) in connection with the Debtor's use of cash collateral and/or postpetition financing, SK seeks authority to receive payments from the Debtor into SK's trust account on a weekly basis in the amount of $25,000 each week. Each month, with amounts to be withdrawn from SK's trust account pursuant to the procedures set forth in the United States Trustee's Guide to Application for Retainers, and Professional and Insider Compensation for the Central District of California, funds shall be withdrawn. As stated above, notwithstanding the foregoing monthly draw-down procedures, all compensation and reimbursement of expenses of SK shall be subject to approval of the Court. The proposed procedure for draw down of Court-authorized post-petition advances is one that has been approved in numerous chapter 11 cases involving SK's employment as counsel to the debtor in possession in the Central District of

California. In this situation where SK has filed this bankruptcy case without holding a prepetition retainer, this procedure is particularly important to treating SK properly as a professional in this bankruptcy case.

**B. SK Qualifications**

As detailed in the company resume for SK (appended to the Sahn Declaration as Exhibit 2), SK is expert in insolvency, bankruptcy, restructuring, and reorganization matters and is well qualified to represent the Debtor. SK, its partners, associates, and other attorneys are experienced in matters of restructuring, bankruptcy, insolvency, corporate reorganization, and debtor/creditor law, and in the representation of debtors, debtors in possession, creditors, creditors' committees and trustees in cases under the Bankruptcy Code and are well qualified to represent debtors, debtors in possession, creditors, creditors' committees and trustees in such matters. SK has focused its practice in these areas for more than 60 years. As a result, the Debtor believes that SK is well-qualified to render the services contemplated by the Debtor's proposed engagement of SK.

**C. SK is Disinterested and Not Adverse to the Estate, and its Employment is in the Best Interests of the Estate**

Based on the Sahn Declaration, SK does not hold a pre-petition claim against the Debtor's estate ("Estate"), does not have and has not had any connection with any insider of the Debtor or any insider of an insider of the Debtor, and is not and does not intend to represent any related debtor in this or any other court. SK's representation in this case has been and currently continues to be limited to representation of the Debtor. SK does not represent and has not represented any other party connected with this matter. SK does not represent any party other than the Debtor in connection with this case.

In addition, SK does not represent or hold any interest adverse to the Estate, and SK is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. Furthermore, the Debtor believes that, except as otherwise may be set forth herein and in the Sahn Declaration, neither SK, its attorneys, employees nor other professionals has any connection with the Debtor, its employees, or accountants, the U.S. Trustee, or any employee of the U.S. Trustee, or other parties in interest or creditors in this case.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

The Debtor believes that the employment of SK upon the foregoing terms and conditions, and as set forth in this Application, is fair, equitable, and in the best interests of the Estate.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (1) approving the Application; (2) authorizing the Debtor to employ SK as its bankruptcy counsel in this case pursuant to 11 U.S.C. §§ 327(a) and 330, on the terms and conditions stated herein, with such employment to be effective as of March 19, 2021; (3) authorizing SK to draw-down on any Retainer (or any unused portion of the Retainer) and to receive monthly payments from the Debtor into SK's trust account as authorized in connection with any use of cash collateral or postpetition financing for the Debtor approved by the Court, with such payments to be drawn down pursuant to the procedures set forth in the United States Trustee's Guide to Applications for Retainer, and Professional and Insider Compensation for the Central District of California; and (4) providing such other relief as is proper.

Dated: March 26, 2021

**Sulmeyer**Kupetz
A Professional Corporation

By: */s/ Claire K. Wu*
Victor A. Sahn
David S. Kupetz
Claire K. Wu
Attorneys for collab9, LLC
Debtor and Debtor in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**DECLARATION OF KEVIN B. SCHATZLE[1]**

I, Kevin B. Schatzle, declare:

1. I am the Chief Executive Officer of collab9, LLC, a Delaware limited liability company (the "Debtor" or "collab9"). I am actively involved in and am intimately familiar with, and have knowledge of and experience with, all aspects of the Debtor's business operations, as well as its financial condition and standing, and the unified communications industry in which the Debtor operates.

2. I make and execute this declaration in support of the foregoing application (the "Application").

3. On March 19, 2021 (the "Petition Date"), the Debtor commenced the above-captioned bankruptcy case. The Debtor continues to manage and operate its business as a debtor in possession. No trustee or creditors' committee has been appointed in the Debtor's chapter 11 case.

4. The Debtor is a cloud security service provider for managed voice, collaboration, conferencing and contact center services primarily for U.S. public sector customers. Operating under the aegis of a General Services Administration ("GSA") approved Federal Risk and Authorization Management Protocol ("FedRAMP") Authority to Operate ("ATO") "in process" at the moderate level, collab9 uniquely caters to the public sector marketplace.

5. The Debtor provides unified communications as a service ("UCaaS"). The Debtor's platform integrates voice, video, messaging, mobility, presence, conferencing, and customer care in one predictable, user-based subscription model. The Debtor was one of the first hosted voice and collaboration services providers in the marketplace to meet the rigorous National Institute of Standards and Technology (NIST) defined FedRAMP requirements. In addition to its government-specific accreditations, the Debtor's solution is enterprise-class. The Debtor's platform infrastructure meets the security, capacity and performance requirements of large-scale public sector and commercial organizations.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the application to which this declaration is appended.

6. As a result of the actions of Avaya, Inc. ("Avaya"), as set forth in detail in the Debtor's "first day" motions and my omnibus declaration in support thereof, and due to a liquidity crisis, without additional funding, the Debtor's operations would have had to cease in the beginning of March, 2021. However, in order to protect the interests of creditors and equity holders and due to the mission critical nature of collab9's communications services to essential government agencies, the Debtor found a path forward, including obtaining funding, a commitment for additional essential financing, and implementation of a process to protect and preserve its business and the value of its business/assets through this chapter 11 case. The Debtor's current intent is to move forward with an expeditious sale process and effectuate a sale of the company's business/assets.

7. SK represented the Debtor with respect to restructuring and bankruptcy matters and related issues prior to filing of the Debtor's chapter 11 petition, advised the Debtor in connection with the commencement of this case, and otherwise rendered services to the Debtor in preparing for the filing of this case, including, but not limited, preparing multiple "first day" motions in this case. Therefore, I believe SK is familiar with the Debtor, its operations, and restructuring goals for this case.

8. The Debtor now seeks to employ SK as the Debtor's bankruptcy counsel in this case pursuant to the terms and conditions stated in the Application, effective as of the Petition Date (i.e., March 19, 2021). I believe the Debtor's employment of SK on such terms and conditions, and to render the types of services identified in the Application, is necessary and appropriate.

9. Prior to the Petition Date, in connection with SK's representation of the Debtor, the Debtor provided SK with the Retainer. The source of the Retainer is the Debtor's funds.

10. Based on my understanding of SK's experience and qualifications, I believe SK is well-qualified to render the services contemplated by the Debtor's proposed engagement of SK.

11. To the best of my knowledge, SK does not hold a pre-petition claim against the Estate, and except as otherwise may be set forth in the Application and in the Sahn Declaration, does not have and has not had any connection with any insider of the Debtor or any insider of an insider of the Debtor, and is not and does not intend to represent any related debtor in this or any other court.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

12. Furthermore, to the best of my knowledge, except as otherwise set forth in the Application or in Sahn Declaration, neither SK, its attorneys, employees nor other professionals has any connection with the Debtor, its employees, accountants, the U.S. Trustee, or any employee of the U.S. Trustee, or other parties in interest or creditors.

13. I believe that the Debtor's employment of SK on the terms and conditions set forth in the Agreement and the Application is necessary, fair, equitable, and in the best interests of the Estate.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 26, 2021, at Longmont, Colorado.

Kevin B. Schatzle

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**DECLARATION OF VICTOR A. SAHN[1]**

I, Victor A. Sahn, declare:

1. I am an attorney, duly-admitted to practice law in the State of California and before this Court.

2. I am a partner at **Sulmeyer**Kupetz, A Professional Corporation ("SK"), proposed bankruptcy counsel to collab9, LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"). I am the attorney at SK with primary responsibility for representing the Debtor in this case.

3. I make and execute this Declaration in support of the foregoing application (the "Application").

4. At the Debtor's request, SK has agreed to serve as bankruptcy counsel to the Debtor in this case pursuant to the terms and conditions stated in the Application, effective as of the Petition Date (i.e., March 19, 2021).

5. SK represented the Debtor with respect to restructuring and bankruptcy matters and related issues prior to filing of the Debtor's chapter 11 petition, advised the Debtor in connection with the commencement of this case, and otherwise rendered services to the Debtor in preparing for the filing of this case, including, but not limited to, preparing multiple "first day" motions in this case. SK worked on other pleadings needed to be filed in this bankruptcy case as well as agreements that shall be filed in this case. SK counseled with the Debtor's management and with its shareholders regarding operations, reorganization alternatives and duties respecting creditors and the chapter 11 process. As a result of the foregoing, without limitation, SK is familiar with the Debtor, its operations, and restructuring goals for this case.

6. SK has agreed to continue its representation of the Debtor as debtor and debtor in possession in this case. Such employment may include, among other things: (a) preparation of bankruptcy schedules and statement of affairs, (b) compliance with United States Trustee

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the application to which this declaration is appended.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

requirements, including the preparation of the 7-day package and representation at 341(a) meetings of creditors, (c) the examination of claims of creditors in order to determine their validity, (d) giving advice and counsel to the Debtor in connection with legal issues, including, but not necessarily limited to, the use, sale or lease of property of the estate, use of cash collateral, postpetition financing, relief from the automatic stay, special treatment of creditors, payment of prepetition obligations, the rejection or assumption of leases, and related matters, (e) negotiation with creditors holding secured and unsecured claims, (f) preparing and presenting a plan of reorganization or liquidation and disclosure statement, (g) objecting to claims as may be appropriate, (h) review, analysis, legal research, and the preparation of documents, correspondence, and other communications with regard to the foregoing matters, and (i) in general, acting as counsel on behalf of the Debtor in any and all bankruptcy law and related matters which may arise in the course of this case. Such services will concern the rights and remedies of the Debtor with regard to the assets of the Estate and with regard to secured, priority, or unsecured claims which may be asserted in this case.

7. I believe it is necessary for the Debtor to employ SK to undertake such actions as may be appropriate or necessary in connection with the preservation and realization of value of the chapter 11 estate and the reorganization of the Debtor. Further, I believe it is necessary and appropriate to employ bankruptcy counsel to advise the Debtor so that the Debtor may properly comply with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the requirements and guidelines of the United States Trustee, and any orders of this Court.

8. The Debtor proposes to employ SK, effective as of the Petition Date, at the expense of the Estate, pursuant to 11 U.S.C. § 330 in accordance with the terms and conditions set forth in the Agreement and this Application.

9. SK will charge the Debtor for services rendered at SK's ordinary hourly rates in effect at the time the services are rendered. A schedule of the current rates being charged by attorneys and paraprofessionals of SK is attached hereto as Exhibit 1, subject to periodic adjustment. As set forth in Exhibit 2, at this time, SK bills its time at hourly rates ranging from $495 to $750 for

attorneys, and $250 to $275 for paraprofessionals. SK's resume is attached hereto as Exhibit 2. I will be the attorney at SK with primary responsibility for SK's representation of the Debtor in this case. My current hourly rate is $750.

10. At this time, the other attorneys at SK who are contemplated to work extensively on this matter are David S. Kupetz and Claire K. Wu. Their current hourly rates are $725 and $495, respectively. In addition, SK utilizes paralegals for certain tasks when appropriate to minimize fees incurred. At this time, Karen L. Files, a paralegal at SK, is assigned to work on this matter. Her hourly rate currently is $250. SK will also seek reimbursement of out-of-pocket expenses incurred in this engagement in the course of its representation of the Debtor.

11. SK has not agreed to share any compensation for services rendered or to be rendered in any capacity in connection with this case between SK and any other entity, except among SK's members and employees.

12. SK seeks compensation pursuant to 11 U.S.C. § 330. I and the other attorneys at SK are familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the United States Trustee Guidelines, and shall comply with them. I and the other SK attorneys understand that, notwithstanding anything to the contrary in this Application or the Agreement, any and all fees and expenses sought or requested by, or paid to, SK is subject to Court approval and in the amounts approved by the Court upon application in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court, and any other applicable law and guidelines.

13. At the conclusion of this case or SK's proposed engagement, SK will file an application seeking final allowance of all its fees and expenses, regardless of whether monthly or interim compensation has been paid to SK.

14. As discussed above, SK was engaged by the Debtor as restructuring/bankruptcy counsel prior to the Petition Date. SK provided prepetition services to the Debtor with regard to bankruptcy and restructuring issues, matters and alternatives and provided services in preparation for the commencement of a chapter 11 case by the Debtor.

15. Prior to the Petition Date, in connection with SK's representation of the Debtor, the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Debtor provided SK a total of $135,000 as a retainer as an advance for fees and costs incurred as of the commencement of the Debtor's chapter 11 case, with the unused balance remaining to constitute an advance against fees and costs incurred after the commencement of the case (the "Retainer"), as follows: (a) $5,000 on or about January 28, 2021; (b) $50,000 on or about February 10, 2021; and (c) $80,000 on or about February 25, 2021. SK applied $135,000 of the Retainer to fees and costs incurred in SK's representation of the Debtor pre-petition. As of the commencement of the case, SK's unused prepetition Retainer balance remaining was zero.

16. I understand that the source of the Retainer received pre-petition is the Debtor's funds. However, the Debtor received these funds as part of its prepetition loan from SecureComm which prepetition loan(s) were in the amount of $580,000. In connection with the DIP loan agreement with SecureComm, SecureComm and the Debtor have agreed to a carve-out from SecureComm's collateral in favor of SK capped at $275,000. This is predicated upon the sale process proceeding forward as currently planned. Further, this is without prejudice to SK looking to any additional proceeds which are not SecureComm's collateral, generated for the benefit of creditors in case SK's fees and costs exceed the amount of the carve-out.

17. To ease the financial burden that would inure to SK in limiting payment only to every 120 days, consistent with any cash collateral stipulation, cash collateral usage, postpetition financing, or related budget approved by the Court, SK requests that the Court authorize SK to receive payment on a monthly basis and as set forth below, with allowance of all such fees and costs subject to Court approval. Pursuant to the Debtor's DIP Financing and Cash Collateral Agreement with SecureComm, after the filing of this bankruptcy case, SecureComm shall fund (along with the balance of its loans to the Debtor) $25,000 per week which the Debtor shall forward to SK's trust account. Each month, as described herein, SK will draw down on the funds in its trust account as provided in the procedures for Application for Retainers, and Professional and Insider Compensation for the Central District of California.

18. To the extent authorized by Court order(s) in connection with the Debtor's use of cash collateral and/or postpetition financing, SK seeks authority to receive payments from the Debtor into SK's trust account on a monthly basis, with amounts to be withdrawn monthly from SK's

trust account pursuant to the procedures set forth in the United States Trustee's Guide to Application for Retainers, and Professional and Insider Compensation for the Central District of California. As stated above, notwithstanding the foregoing monthly draw-down procedures, all compensation and reimbursement of expenses of SK shall be subject to approval of the Court. The proposed procedure for draw down of Court-authorized post-petition advances is one that has been approved in numerous chapter 11 cases involving SK's employment as counsel to the debtor in possession in the Central District of California.

19. As detailed in the company resume for SK (appended hereto as Exhibit 2), SK is expert in insolvency, bankruptcy, restructuring, and reorganization matters and is well qualified to represent the Debtor. SK, its partners, associates, and other attorneys are experienced in matters of restructuring, bankruptcy, insolvency, corporate reorganization, and debtor/creditor law, and in the representation of debtors, debtors in possession, creditors, creditors' committees and trustees in cases under the Bankruptcy Code and are well qualified to represent debtors, debtors in possession, creditors, creditors' committees and trustees in such matters. SK has focused its practice in these areas for more than 60 years. As a result, SK is well-qualified to render the services contemplated by the Debtor's proposed engagement of SK.

20. SK maintains a computer database of past and present clients, and certain parties (such as significant creditors) related to those clients. I caused SK's database to be searched for the names of the Debtor, any known secured creditors, general unsecured creditors, and other interested parties ("Searched Persons"), to determine the extent if any, of SK's (a) conflicts, (b) past relationships, and (c) "connections" with or to the Searched Persons. The list of Searched Persons was matched against SK's computer database which contains (i) all names of all cases and matters in which SK has ever represented any person, (ii) the names of all cases and matters in which any attorney at SK's office has served as a trustee, examiner, responsible person, or receiver, (iii) the names of the persons that SK's office has represented, and (iv) the names of all persons and parties related or affiliated to the persons whom SK has ever represented. It is important to note that in spite of these efforts, it sometimes occurs that not all connections are discovered and that some additional connections arise after the filing of the employment application or after the entry of an order

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

authorizing the employment. Should this occur, I will ensure that SK makes additional disclosures to this Court and to parties in interest and will request appropriate relief depending on the nature of the connections, if any, that are subsequently discovered. SK also circulated the name of the Debtor and other significant parties to SK's attorneys and other personnel for purposes of identifying any potential conflict.

21. Based on the comprehensive search discussed in the immediately preceding paragraph, SK and I have not identified any potential or actual conflict of interest relating to its representation of the Debtor. In addition, based on such search, and as far as I am aware, neither I, SK, nor SK's other members, associates, of counsel attorneys, or other employees have any prepetition claim against the Debtor. Further, other than as disclosed herein, neither I, SK, nor SK's other members, associates, of counsel attorneys, or other employees to my knowledge represent or have any connection with the Debtor, its employees, accountants, or advisors (except with regard to the Debtor's retention of SK prepetition and as set forth herein), creditors, any other party in interest in this case, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States trustee, and does not have and has not had any connection with any insider of the Debtor or any insider of an insider of the Debtor, and is not and does not intend to represent any related debtor, principal, officer, or affiliate of the Debtor in this or any other court.

22. Certain members of SK (Howard M. Ehrenberg and Elissa D. Miller) are members of the private panel of bankruptcy trustees for the Central District of California maintained and supervised by the Office of the United States Trustee.

23. Also for purposes of disclosure only, I represent that, as part of its diverse practice, SK appears in numerous cases, proceedings and transactions involving many different professionals, and other attorneys, accountants, investment bankers, and financial consultants, some of which may represent claimants and parties-in-interest in this case. In addition, SK has in the past, and will likely in the future, be working with or against other professionals involved in this case in matters unrelated to this case. Based on my current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Debtor herein in matters upon which SK is to be employed, and none are in connection with this case.

24. Neither I, SK, nor SK's other members, associates, of counsel attorneys, or other employees have any interest adverse to the Debtor or the Estate. Further, I am not aware of facts that would lead me to conclude that SK is not a "disinterested person" as that term is defined by the Bankruptcy Code. I have read the Application and to the best of my knowledge all the facts stated therein are true and correct.

25. As stated above, prior to the commencement of the Debtor's chapter 11 case, SK was employed by and was rendering specialized legal representation and advice to the Debtor. SK has not in the past represented nor does SK presently plan to represent in the future any related debtors, principals, officers, or affiliates of the Debtor in this or any other court. SK's representation in this case is strictly limited to representation of the Debtor.

26. SK has no connections with the Debtor, other than those disclosed herein.

27. SK is not and was not an equity security holder or an insider of the Debtor.

28. SK has no interest materially adverse to the interests of the Estate or of any class of creditors or equity security holders, for any reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

29. No partner, associate, other attorney, or other employee of SK is a relative or employee of the United States Trustee (except that, as set forth above, certain attorneys at SK are members of the private panel of bankruptcy trustees for the Central District of California maintained and supervised by the Office of the United States Trustee), or a United States Bankruptcy Judge.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 26, 2021, at Los Angeles, California.

Victor A. Sahn

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1



**RATES FOR PROFESSIONAL SERVICES**
**(Effective since 1/1/2021)**

| ATTORNEYS | INITIALS | RATE |
|---|---|---|
| Howard M. Ehrenberg | HME | 725 |
| Asa S. Hami | ASH | 610 |
| Mark S. Horoupian | MSH | 650 |
| Matt P. Kelly | MPK | 550 |
| David S. Kupetz | DSK | 725 |
| Daniel A. Lev | DAL | 650 |
| Elissa D. Miller | EDM | 650 |
| Jeffrey M. Pomerance | JMP | 575 |
| David V. Sack | DVS | 530 |
| Victor A. Sahn | VAS | 750 |
| Alan G. Tippie | AGT | 750 |
| Steven F. Werth | SFW | 610 |
| Claire K. Wu | CKW | 495 |
| | | |
| **PARALEGALS** | | |
| Cheryl A. Blair | CAB | 275 |
| Karen L. Files | KLF | 250 |
| | | |
| **TRUSTEE ADMINISTRATORS** | | |
| Lupe V. Cortez | LVC | 195 |

| | |
|---|---|
| Partners | 575-750 |
| Senior Counsel | 530 |
| Associates | 495 |
| Paralegals | 250-275 |

# EXHIBIT 2

 

**W**ith a 65 year legacy, **Sulmeyer**Kupetz is one of the premier financial restructuring, insolvency, and litigation firms in California, with an emphasis on dispute resolution arising out of commercial and business disputes, and complex insolvency and bankruptcy matters. Our attorneys represent debtors, creditors, committees, landlords, insurance companies, assignees for the benefit of creditors, trustees, receivers, municipalities, buyers, sellers, professionals and other parties. The firm's wide ranging practice is demonstrated by the vast experience of our attorneys in every aspect and facet of financial restructuring and litigation, both in federal and state court, and in out-of-court workouts.

**Sulmeyer**Kupetz attorneys bring a specialized expertise to our clients and to the cases we handle, derived collectively from generations of experience in select areas of the law. With two attorneys serving as Federal Bankruptcy Trustees and others acting as State Court appointed Receivers, the firm has an enviable history of trustee and receiver practice and representation in corporate reorganizations and complex liquidations. The firm also has a unique background in Chapter 9 municipal bankruptcies, having handled landmark cases in that arena for both municipalities and claimants.

Always on the cutting edge, **Sulmeyer**Kupetz responded to the need for alternative restructuring and liquidation options, and has expanded its non-judicial workout practice. In that vein, the firm has become a leading expert in Assignments for the Benefit of Creditors and other cost effective means of addressing insolvency related problems and achieving goals for our clients outside of the courts. the firm, of course, still takes pride in its long standing expertise in traditional Chapter 11 reorganizations.

At **Sulmeyer**Kupetz, strength is found in the firm's experience and manageable size, which enables the firm to react quickly and intelligently to any client need. Finally, the firm's long held regional presence enables it to provide unique insight to the needs of clients within the state and surrounding areas.

In sum, the attorneys at **Sulmeyer**Kupetz service our clients in all areas of financial restructuring, insolvency, business reorganization, federal and state court litigation, and bankruptcy and bankruptcy related litigation, including federal and state appeals. We welcome the opportunity to show you how our services can benefit your company or organization.

333 SOUTH GRAND AVENUE, SUITE 3400, LOS ANGELES, CA 90071-1406 • TEL 213.626.2311 • FAX 213.629.4520
2424 SE BRISTOL STREET, SUITE 300, NEWPORT BEACH, CA 92660 • TEL 949.721.7300 • FAX 213.629.4520
3615 MAIN STREET, SUITE 103, RIVERSIDE, CA 92501• TEL 951.368.9006 • FAX 213.629.4520
www.sulmeyerlaw.com

**MEMBERS OF THE FIRM**

**ALAN G. TIPPIE**, Managing Member 1987 to present, born Massillon, Ohio, October 11, 1953; admitted to bar, 1979, California. Preparatory education, Kent State University and Ohio State University (B.A., 1976); legal education, Loyola Law School, Los Angeles (J.D., 1979). Member: St. Thomas More Law Honor Society; Loyola Law Review, 1978-1979. Adjunct Professor, Loyola Law School, Los Angeles, 1987. Law Clerk to the Honorable Barry Russell, United States Bankruptcy Court, 1979-1980. Member: State Bar of California; Financial Lawyers' Conference; Los Angeles County Bar Association (Commercial Law and Bankruptcy Section).

**VICTOR A. SAHN**, born New York City, New York, June 27, 1954; admitted to bar, 1980, California. Preparatory education, Syracuse University (B.A., cum laude, 1976); legal education, University of San Diego School of Law (J.D., 1979). Legal Intern to the Honorable Herbert Katz, United States Bankruptcy Court, 1978-1979; Law Clerk to the Honorable Peter M. Elliott, United States Bankruptcy Court, 1979-1981. Member: State Bar of California; Financial Lawyers' Conference; Los Angeles County Bar Association (Bankruptcy Subcommittee).

**HOWARD M. EHRENBERG**, born New York, New York, February 19, 1961; admitted to bar, 1986, California. Preparatory education, University of California at Berkeley (B.A., 1983); legal education, University of Southern California School of Law (J.D., 1986). Fraternity: Phi Alpha Delta. Member: Panel of Bankruptcy Trustees of the United States Trustee's Office for the Central District of California. State Court Receiver. Member: American Bar Association, State Bar of California; Financial Lawyers' Conference; Los Angeles Bankruptcy Forum. Certified as a Business Bankruptcy Law Specialist by the American Bankruptcy Board of Certification, 1993.

333 SOUTH GRAND AVENUE, SUITE 3400, LOS ANGELES, CA 90071-1406 • TEL 213.626.2311 • FAX 213.629.4520
2424 SE BRISTOL STREET, SUITE 300, NEWPORT BEACH, CA 92660 • TEL 949.721.7300 • FAX 213.629.4520
3615 MAIN STREET, SUITE 103, RIVERSIDE, CA 92501• TEL 951.368.9006 • FAX 213.629.4520

www.sulmeyerlaw.com

0020



Main Document Page 24 of 36

**DAVID S. KUPETZ**, born Los Angeles, California, January 17, 1961; admitted to bar, 1986, California. Preparatory education, University of California at Santa Barbara (B.S., 1983); legal education, University of California, Hastings College of the Law (J.D., 1986). Member: State Bar of California; Financial Lawyers' Conference; Los Angeles Bankruptcy Forum. Participant, COMM/ENT, Hastings Journal of Communications and Entertainment Law, 1984-1985. Note Editor, COMM/ENT, Hastings Journal of Communications and Entertainment Law, 1985-1986. Author: Collier Handbook for Creditors' Committees (LexisNexis). *For a list of articles authored by Mr. Kupetz, please see attachment.*

**MARK S. HOROUPIAN**, born Winnipeg, Manitoba, Canada, December 11, 1969; admitted to bar, 1994, California. Preparatory education, University of California at Santa Barbara (B.A., 1991); legal education, Loyola Law School, Los Angeles (J.D., 1994). Member: Loyola Law Review, 1992-1993. Member: State Bar of California; Los Angeles County Bar Association.

**DANIEL A. LEV**, born Los Angeles, California, April 24, 1961; admitted to the bar 1986, California. Preparatory education: University of California, Los Angeles (B.A., 1983). Legal education: Loyola Law School, Los Angeles (J.D., 1986). Recipient, American Jurisprudence Award in Bankruptcy, Benno M. Brink Memorial Award in Bankruptcy, American Jurisprudence Award in Remedies. Law Clerk to the Honorable Geraldine Mund, United States Bankruptcy Judge (1986-1988). Member: State Bar of California; Financial Lawyers' Conference; Los Angeles Bankruptcy Forum.

333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406 • Tel 213.626.2311 • Fax 213.629.4520
2424 SE Bristol Street, Suite 300, Newport Beach, CA 92660 • Tel 949.721.7300 • Fax 213.629.4520
3615 Main Street, Suite 103, Riverside, CA 92501• Tel 951.368.9006 • Fax 213.629.4520

www.sulmeyerlaw.com

0021



**ELISSA D. MILLER**, has more than three decades of experience representing creditors, creditors' committees and trustees in bankruptcy cases. With an emphasis on creditors' rights, and business and commercial litigation in all state and federal courts, Ms. Miller is a go-to lawyer for cases involving high net worth individuals, and a variety of middle-market businesses. She also serves as a respected member of the Chapter 7 Panel of Bankruptcy Trustees maintained by the Office of the United States Trustee in the Central District of California. She has also been appointed as the Chapter 11 trustee in various cases. Outside of the courtroom, Ms. Miller is very involved in the legal and philanthropic communities, currently serving on the Board of Directors of Valley Community Healthcare, the Executive Committee of the Business Law Section of the California Lawyers Association and the Southern California Chapter of Credit Abuse and Resistance Education. Ms. Miller graduated from the University of California, Los Angeles with a B.A. in Anthropology and earned her J.D. with honors from Southwestern Law School.

**JEFFREY M. POMERANCE**, born Milwaukee, Wisconsin, March 23, 1961; admitted to the bar, 1987, Illinois; 1992, California. Preparatory education, University of Wisconsin at Madison (B.B.A. in Accounting, with highest distinction, 1983); University of California at Los Angeles, The Anderson Graduate School of Management (Directors Training Program, 2000); legal education, University of Michigan School of Law (J.D., 1987). Contributing Editor of University of Michigan Journal of Law Reform, 1986-87; Instructor of Writing and Advocacy Program, University of Michigan School of Law, 1986-87. Successfully completed Certified Public Accountancy Examination – November, 1984.

**ASA S. HAMI,** born Los Angeles, California, May 23, 1974; admitted to bar, 2000, California. Preparatory education, University of California, Los Angeles (B.A., 1995); legal education, Southwestern University School of Law (J.D., magna cum laude, 2000). Legal Extern to the Honorable Kathleen P. March, United States Bankruptcy Court, 1998. Member State Bar of California; Financial Lawyers' Conference.

333 SOUTH GRAND AVENUE, SUITE 3400, LOS ANGELES, CA 90071-1406 • TEL 213.626.2311 • FAX 213.629.4520
2424 SE BRISTOL STREET, SUITE 300, NEWPORT BEACH, CA 92660 • TEL 949.721.7300 • FAX 213.629.4520
3615 MAIN STREET, SUITE 103, RIVERSIDE, CA 92501• TEL 951.368.9006 • FAX 213.629.4520

www.sulmeyerlaw.com

0022



**STEVEN F. WERTH**, born McMinnville, Oregon, May 8, 1974; admitted to the bar, 1999, California. Preparatory education, Pomona College (B.A. 1996). Legal education, University of Southern California Law School (J.D. 1999).

## ASSOCIATES OF THE FIRM

**CLAIRE K. WU**, born Los Angeles, California, August 12, 1988; admitted to bar, 2014, California. Preparatory education, University of California, Los Angeles (B.A. 2009); legal education, Loyola Law School, Los Angeles (J.D., 2013). Law Clerk to the Honorable Robert N. Kwan, United States Bankruptcy Judge (2013-2014). Member: State Bar of California; International Women's Insolvency & Restructuring Confederation, Southern California Network; California Bankruptcy Forum.

## PARALEGALS

**CHERYL BLAIR**. has worked as a Bankruptcy Trustee Administrator since 1998. Prior to that, Ms. Blair worked for seven years as a paralegal specialist at the Office of the United States Trustee in Los Angeles. Ms. Blair formerly served as President of the Trustee Administrator's Group (TAG).

**KAREN FILES.** has worked as a Paralegal with 15+ years of experience in Bankruptcy Law, Civil Litigation, Environmental Litigation and labor Law. Karen has substantial experience with case monitoring, case management, and preparation of documents for bankruptcy and civil litigation case filings. She has knowledge of California state, federal and appellate court rules and has experience with electronic-filing procedures.

333 SOUTH GRAND AVENUE, SUITE 3400, LOS ANGELES, CA 90071-1406 • TEL 213.626.2311 • FAX 213.629.4520
2424 SE BRISTOL STREET, SUITE 300, NEWPORT BEACH, CA 92660 • TEL 949.721.7300 • FAX 213.629.4520
3615 MAIN STREET, SUITE 103, RIVERSIDE, CA 92501• TEL 951.368.9006 • FAX 213.629.4520

www.sulmeyerlaw.com

0023

**EMERITUS PARTNER**

SulmeyerKupetz

**IRVING SULMEYER**, 1927-2009. Irving Sulmeyer specialized in reorganization, insolvency, bankruptcy and creditors' rights matters. He served as counsel for debtors, secured and unsecured creditors, creditors' committees, receivers and trustees.

In addition, Mr. Sulmeyer acted as a receiver or trustee in cases under the former Bankruptcy Act and present Bankruptcy Code, as a federal equity receiver and as a receiver for the California Superior Courts.

Mr. Sulmeyer was an author of Collier Handbook for Creditors' Committees, co author of Collier Handbook for Trustees and Debtors in Possession and was a contributing editor to Collier Bankruptcy Guide. He was an adjunct professor of law at Pepperdine Law School in Malibu, California and a frequent lecturer for California Continuing Education of the Bar, Practicing Law Institute and the Commercial Law League of America. His professional memberships included the American Bar Association. He was a Fellow of the American College of Bankruptcy. Mr. Sulmeyer was listed in The Best Lawyers in America.

Mr. Sulmeyer held a B.S. from the California Institute of Technology and a J.D. from Stanford University, where he was a member of the Stanford Law Review and the Phi Alpha Delta law fraternity. His academic awards included the Crother Scholarship and the Order of the Coif.

**ARNOLD L. KUPETZ**, born Denver, Colorado, June 30, 1933; admitted to bar, 1956, Colorado; 1960, California. Also admitted to practice before United States District Court, Central and Southern Districts of California, and District of Colorado and Ninth Circuit Court of Appeals. Preparatory education, University of Colorado and University of Denver (B.S., 1955); legal education, University of Denver (J.D., 1956); Clerk for O. Otto Moore, Justice of Colorado Supreme Court, 1955; Member: Los Angeles County Bar Association; State Bar of California; [Judge Advocate General Corps, U.S.A.F., 1956-1959]. Member: for many years of the Panel of Trustees of the United States Trustee's Office for the Central District of California. Member: “Approved/-Qualified Receivers List” for the Los Angeles Superior Court..

**RICHARD G. BAUMANN**, born Chicago, Illinois, April 7, 1938; admitted to bar, 1964, Wisconsin; 1970, California. Also admitted to practice before United States Supreme Court. Preparatory education, University of Wisconsin (B.S., cum laude, 1960); legal education, University of Wisconsin (J.D., 1964). Fraternity: Phi Delta Phi. Judge Pro Tem, Los Angeles Superior Court (1980 - ). Western Region Members Association (Chairman 1982-1983); Commercial Law League of America (President 1990-1991. Member: Board of Governors 1986-1990); Board of Directors, Academy of Commercial and Bankruptcy Law Specialists; Board of Directors, National Institute on Credit Management; Associate Editor: Commercial Law World Magazine. Member: State Bar of California; State Bar of Wisconsin; Commercial Law League of America; National Conference of Bar Presidents; Fellow of the Commercial Law Foundation; Certified as a Creditors' Rights Specialist by the American Board of Certification.

333 SOUTH GRAND AVENUE, SUITE 3400, LOS ANGELES, CA 90071-1406 • TEL 213.626.2311 • FAX 213.629.4520
2424 SE BRISTOL STREET, SUITE 300, NEWPORT BEACH, CA 92660 • TEL 949.721.7300 • FAX 213.629.4520
3615 MAIN STREET, SUITE 103, RIVERSIDE, CA 92501• TEL 951.368.9006 • FAX 213.629.4520

www.sulmeyerlaw.com

0024

**SELECTED ARTICLES AUTHORED BY DAVID S. KUPETZ**

"ABCs As an Alternative to Bankruptcy for Implementing Distressed Transactions," The Bankruptcy Strategist (March 2021).

"Using Support Agreements to Streamline Chapter 11 Reorganizations," Lawyer Monthly, (March 2021).

"The Supreme Court's Cautionary Tale Limiting Federal Common Law in Bankruptcy is Only Part of the Story," Norton Journal of Bankruptcy Law and Practice, Volume 30, No. 1 (2021 Thomson Reuters).

2021 Collier Handbook for Creditors' Committees (LexisNexis)

"Mere Retention of Property Doesn't Violate a Bankruptcy Automatic Stay," Los Angeles Daily Journal (January 19, 2021).

"Navigating the Fiscal Impacts of the COVID-19 Pandemic," Los Angeles Daily Journal (May 11, 2020).

"Local Governments Must Plan Without Delay for Post-Pandemic Fiscal Realities," PublicCeo.Com (May 11, 2020).

"ABCs for Salvaging Deflated Start-Ups, Distressed Businesses," Bloomberg Law (April 8, 2020).

"Cities and Counties Face Fiscal Challenges in the Pandemic Era," American City & County (April 1, 2020).

"Deal Approval Paves Way Toward PG&E's Reorganization," Los Angeles Daily Journal (February 7, 2020).

"Supreme Court says Ordinary Understanding of 'Final Decision' Isn't Dispositive in Bankruptcy Appeals," Los Angeles Daily Journal (January 16, 2020).

2020 Collier Handbook for Creditors' Committees (LexisNexis)

"Bankruptcy Court Rejects 'Material Adverse Effect' Claim," Los Angeles Daily Journal (January 13, 2020).

"Court Says FERC Overstepped in PG&E Bankruptcy Cases," Los Angeles Daily Journal (June 13, 2019).

"High Court Rejects 9th on Bankruptcy Discharge Injunctions," Los Angeles Daily Journal (June 7, 2019).

"Are Stay Relief Denials Automatically Appealable?," Los Angeles Daily Journal (May 29, 2019).

"Supreme Court to Define Good-Faith Collection in Bankruptcy," Bloomberg Law (May 20, 2019).

"Restrictions on Corporate Authority to File a Bankruptcy Petition," Los Angeles Daily Journal (December 24, 2018).

2019 Collier Handbook for Creditors' Committees (LexisNexis).

"Section 546(E)'s Safe Harbor Protection for Securities-Related Payments Made in Ponzi Schemes," Norton Annual Survey of Bankruptcy Law (2018 Edition).

"Lease Rejection in Shiekh Shoes," The Bankruptcy Strategist (August 2018).

2018 Collier Handbook for Creditors' Committees (LexisNexis).

"Federal Preemption of State Constructive Fraudulent Transfer Law Applied to Financial Institutions Serving as Conduits in the Tribune Company Case," Norton Annual Survey of Bankruptcy Law (2017 Edition).

"No Skipping Allowed," Los Angeles Lawyer (September 2017)

"9th Circuit Decision Addresses Cramdown Valuation," Los Angeles Daily Journal (July 10, 2017).

"Is the American Rule 'American'?," Los Angeles Lawyer (March 2017)

2017 Collier Handbook for Creditors' Committees (LexisNexis).

"9th Circuit is First to Tackle Novel Bankruptcy Question," Los Angeles Daily Journal (December 8, 2016).

"Understanding Potential Recharacterization and Subordination Attacks Against Bridge Loans Made by Venture Capital and Private Equity Firms," The Journal of Private Equity, Vol. 19, No. 4 (Fall 2016).

"Equitable Mootness: Prudential Forbearance From Upsetting Successful Reorganizations for Highly Problematic Judge – Made Abstention Doctrine?  Norton Journal of Bankruptcy Law and Practice, Vol. 25, No. 4 (July 2016).

"Missed Opportunities in Puerto Rico Ruling," (Los Angeles Daily Journal (July 19, 2016).

"SulmeyerKupetz on Bridge Loans." The Private Debt Investor Publication of Private Equity International (May 1, 2016).

"Lender Beware: Ignore Suspicious Activity at Your Own Peril." The Recorder (March 23, 2016).

"An Expansive View of Bankruptcy Court's Equitable Powers," California Lawyer (March 2016).

"The Impact of Chapter 11 on 'Corporate Democracy'," Bloomberg BNA (March 3, 2016).

"New Way to Exit Chapter 11 Bankruptcy Cases on the Rise," Los Angeles Daily Journal (February 29, 2016).

"Recent Applications of Bankruptcy Code Section 1113," Law360 (February 29, 2016).

"Conflicting Views on Shareholder Rights in Chapter 11," Law360 (February 23, 2016).

"Court Says Bankruptcy Code Trumps NLRA," Los Angeles Daily Journal (February 9, 2016).

"Is There Such a Thing as 'Bankruptcy Proof'?," Law360 (January 12, 2016).

"Court Says Assignee May Not File for Bankruptcy," Los Angeles Daily Journal (January 8, 2016).

2016 Collier Handbook for Creditors' Committees (LexisNexis).

"Challenge to Stockton Plan Struck as Equitably Moot," Los Angeles Daily Journal (December 17, 2015).

"Assignment for the Benefit of Creditors: Effective Tool for Acquiring and Winding up Distressed Businesses," Business Law Today (November 2015).

"Preemption of Statutes of Repose," Norton Journal of Bankruptcy Law and Practice, volume 24, issue 4 (September 2015).

"Trademark Law Trumps in Bankruptcy Case," Intellectual Property Magazine (July/August 2015).

"Buoying the U.S. Judicial Machine," Los Angeles Daily Journal (May 29, 2015).

"The Role of Creditors' Committees in CRE Bankruptcies," Globe5t.com (April 24, 2015).

2015 Collier Handbook for Creditors' Committees (LexisNexis).

"Stockton Pension Ruling is no Surprise," Los Angeles Daily Journal (October 6, 2014).

"Different Approaches to Recharacterizing Debt to Equity," Norton Annual Survey of Bankruptcy Law (2014 Edition).

"Understanding the Unique Factors of Chapter 9 Municipal Bankruptcies," chapter in Representing Creditors in Chapter 9 Municipal Bankruptcy (2014 Thomson Reuters/Aspatore).

"Default Rate Interest – Valid Under California Law?," Los Angeles Daily Journal (June 12, 2014).

"Substantive Consolidation: The Bankruptcy Court's Power to Pierce Corporate Veils," Norton Journal of Bankruptcy Law & Practice, volume 23, issue 1 (February 2014).

2014 Collier Handbook for Creditors' Committees (LexisNexis).

"The Fitness of Recharacterization – Fitness Holdings Affirms a Nuanced, Fact-Based Analysis of Insider Financing," Los Angeles Lawyer (December 2013).

"Designating Votes on Chapter 11 Plans for 'Ulterior' Motives," Norton Annual Survey of Bankruptcy Law (2013 Edition).

“Mandatory Subordination of Claims for ‘Damages Arising From the Purchase or Sale’ of a ‘Security’ Under Bankruptcy Code Section 510(b),” Norton Journal of Bankruptcy Law & Practice, volume 22, issue 4 (August 2013).

"Bankruptcy Court Chastises Stockton's Capital Market Creditors for Their Opposition to Chapter 9 Relief," Los Angeles Daily Journal (June 18, 2013).

"Assignment for the Benefit of Creditors: Effective Tool for Selling and Winding Up Distressed Businesses," Valley Lawyer (June 2013).

"Chapter 9 for Municipalities," California Lawyer (April 2013).

"Court Rules City Doesn't Need Approval to Settle Claims During Chapter 9," Los Angeles Daily Journal (February 12, 2013).

2013 Collier Handbook for Creditors' Committees, Co-Author (LexisNexis).

"Standards for Confirming a Chapter 9 Plan of Debt Adjustment: Incorporating and Diverging From Chapter 11 Plan Standards," Vol. 32 Cal. Bankr. J. No. 2 (2012).

"Stockton Health Benefits Not Protected by the Contracts Clause," Los Angeles Daily Journal (August 9, 2012).

2012 Collier Handbook for Creditors' Committees, Co-Author (LexisNexis).

"Chapter 9: Refuge of Last Resort for Municipalities," Los Angeles Daily Journal (December 6, 2011).

2011 Collier Handbook for Creditors' Committees, Co-Author (LexisNexis).

"Intercreditor Subordination Agreements and Voting Rights in Chapter 11," Norton Annual Survey of Bankruptcy Law (West, a Thompson Reuters business, 2010 Edition).

"The Supersessionary Effect of Federal Bankruptcy Law on State Statutes of Limitations for Actions Against Receivers," Norton Journal of Bankruptcy Law and Practice, (Vol. 19, No. 4, August 2010).

2010 Collier Handbook for Creditors' Committees, Co-Author (LexisNexis)

2009 Collier Handbook for Creditors’ Committees, Co-Author (LexisNexis)

“The Venerable Assignment for the Benefit of Creditors Weathers the Ninth Circuit’s Decision in Sherwood v. Lycos and Remains a Valid Alternative to Federal Bankruptcy Proceedings,” Norton Annual Survey of Bankruptcy Law (Thomson/West 2008 Edition).

2008 Collier Handbook for Creditors’ Committees, Co-Author (LexisNexis).

Norton Bankruptcy Law and Practice, 3d Edition 2008, author of chapters on municipal debt adjustment and assignments for the benefit of creditors (Thomson West).

"Evidentiary Hearings in Bankruptcy Court:  Necessary for the Resolution of Disputed Material Facts and Open to the Admission of Evidence Previously Introduced in the Case and the Court's Knowledge of the Case From Prior Proceedings," Annual Survey of Bankruptcy Law (Thomson/West 2007 Edition).

"Comfort Zone: Creditors' Committees are More Frequently Seeking Comfort Orders Since Recent Bankruptcy Law Changes Increased Their Disclosure Duties," Los Angeles Lawyer (April 2007).

2006 Collier Handbook for Creditors' Committees, Co-Author (LexisNexis).

"Valuation Experts, Beware the Gatekeeper!:  Establishing Enterprise Value in Chapter 11 Reorganization Cases," The Bankruptcy Strategist, Volume 24, Numbers 2 and 3 (December 2006 and January 2007) (2-parts).

"Independence of Valuation Experts is Crucial in Chapter 11s," Los Angeles Daily Journal (October 13, 2006).

"Unions, Pensions, and Executive Compensation in Chapter 11," Pratt's Journal of Bankruptcy Law, Volume 2, Number 3 (August/September 2006 Edition).

"What is the Cure?:  Nonmonetary Defaults Under Executory Contracts," Annual Survey of Bankruptcy Law (Thomson West 2005 Edition).

"Assignee's Preference Avoidance Power," The Bankruptcy Strategist, Volume 22, Numbers 9 and 10 (August and September 2005 (2-parts)).

"Corporate Governance of Chapter 11 Debtors: The Impairment or Suspension of Shareholder 'Democracy' Rights Taking Into Account the Economic Realities of the Case," Norton Bankruptcy Law Adviser (Thomson/West July 2005).

"Defending California Real Estate Foreclosures," Real Estate Southern California (June 2005).

"Filing Bankruptcy by Solvent Tenants to Cap Landlords' Claims," Los Angeles Lawyer (April 2005).

"The *Rooker-Feldman* Doctrine in Bankruptcy: While a Bankruptcy Court's Exclusive Jurisdiction Remains Undisturbed, It May Be Subject to Rooker-Feldman and Interjurisdictional Preclusion Constraints In Situations Where It Shares Concurrent Jurisdiction with a Non-Bankruptcy Court," Annual Survey of Bankruptcy Law (Thomson West 2004 Edition).

"It's Not Over Until It's Over: Chapter 11 Plan Confirmation," Andrews Litigation Reporter, Volume 1, Issue 9 (August 27, 2004).

"Assignment for the Benefit of Creditors:  Effective Tool for Selling and Winding Up Distressed Businesses," Annual Survey of Bankruptcy Law (Thomson West 2003 Edition).

"The Bankruptcy Code is Part of Every Contract," The Secured Lender (November/December 2003).

"Spendthrift Trusts:  The Real (but Not Unlimited) Benefits in Bankruptcy," American Bankruptcy Institute Journal (October 2003).

"For Bankruptcy Alternative, Know Your 'ABCs,'" The Journal of Corporate Renewal (July 2003).

"Adjusting Municipal Debts:  Chapter 9," The Public Law Journal (Summer 2003).

"Assignment for the Benefit of Creditors:  Advantageous Vehicle for Selling and Acquiring Distressed Enterprises," The Journal of Private Equity (Summer 2003).

"Intellectual Property Issues in Chapter 11 Bankruptcy Reorganization Cases," The Secured Lender (May/June 2003).

"The Fundamentals of Business Bankruptcy (Reorganization and Liquidation)," Business Credit (May 2003).

"Assignment for the Benefit of Creditors:  Salvaging Value From a Sinking Ship," Business Credit (April 2003).

"An Assignment for the Benefit of Creditors is a Useful Vehicle," Los Angeles Daily Journal, p. 7 (April 16, 2002).

"Assignment for the Benefit of Creditors: Exit Vehicle for Many Troubled Enterprises," Journal of Internet Law, Volume 5, No. 10 (April 2002).

"Business Bankruptcy: A Primer for Unsecured Creditors," Commercial Law Bulletin (March/April 2002).

"Real Estate Leases In Bankruptcy: Landlord/Tenant Issues Under the Bankruptcy Code," Annual Survey of Bankruptcy Law, 2000-2001, 2001-2002 Editions, West Group.

"Assignment for the Benefit of Creditors: Exit Vehicle of Choice for Many Dot.Com, Technology, and Other Troubled Enterprises," Journal of Bankruptcy Law and Practice, Volume 11, No. 1 (November/December 2001).

"Beware When Your Client is a Debtor in Possession: Getting and Staying Employed in Bankruptcy Cases," Washington State Bar News, Volume 54, No. 10 (October 2000).

"Charging a Secured Creditor's Collateral," California Lawyer, p. 28 (August 2000).

"When Your Tenant's Business Goes Bust: How the Bankruptcy Code Impacts the Landlord's Rights," Office & Industrial Properties (June 2000).

"Developments in Bankruptcy Law and How They Affect Landlords," Apartment Management Magazine (May 2000).

"Hands Off: Per Se Rule Against Surcharging Oversecured Creditor Is Rejected," California Bankruptcy Court Reporter, Volume 4, No. 5 (May 2000).

"Perfecting Security Interests in Intellectual Property:  Lenders Beware," Bankruptcy Strategist, Volume XVII, No. 6 (April 2000).

"Bankruptcy Filings and IP Licenses," Intellectual Property Today, Volume 7, No. 4 (April 2000).

"Per Se Rule Against Surcharging Oversecured Creditor is Rejected," Commercial Law Bulletin (March/April 2000).

"Cramdown Slamdown," California Law Business (February 28, 2000).

"Intellectual Property Issues in Chapter 11 Bankruptcy Reorganization Cases," Journal of Internet Law, Volume 3, No. 8 (February 2000).

"What Creditors Should Know About Retention of Counsel by Debtors in Possession, and About Payment of Their Fees," The Banking Law Journal, Volume 117, No. 1 (January/February 2000).

"Moves That Firms in Financial Turmoil Must Avoid," Los Angeles Business Journal (January 17-23, 2000).

"Beware When Dealing With Licensors of Intellectual Property: Avoiding Potential Pitfalls Facing Licensees and Lenders When Bankruptcy Intervenes," The Computer Lawyer, Volume 17, No. 1 (January 2000).

"Dealing With Issues in Chapter 11 Cases filed by Licensors of Intellectual Property," e-commerce Law & Strategy, Volume 16, No. 9 (January 2000).

"To Assume or Not to Assume: Real Estate Leases In Bankruptcy," Journal of Bankruptcy Law and Practice, Volume 8, No. 5 (July/August 1999), and California Bankruptcy Court Reporter (3-part series-May, June, and July, 1999).

"The Bankruptcy Code Is Part of Every Contract:  Minimizing the Impact of Chapter 11 on the Non-Debtor's Bargain," The Business Lawyer, Volume 54, No. 1 (November 1998).

"Resolving Business Financial Crises," California Lawyer (July 1998).

"Common Mistakes Made by Businesses in Financial Crises," National Public Accountant, Volume 43, No. 3 (May 1998).

"Cram Slam," California Law Business (March 23, 1998).

"Seeking Perfection: Federal Grace Period Pre-empts State Law," Los Angeles Daily Journal (February 2, 1998).

"'Old Equity May Retain Priority in Chapter 11 Plan," Los Angeles Daily Journal (September 29, 1997).

"On Executory Contracts, Precedent Carries the Day," Los Angeles Daily Journal (August 18, 1997).

"What Can Go Wrong Before a Bankruptcy Filing," Los Angeles Daily Journal (June 30, 1997).

"Home Rule -- Access to Chapter 9 Relief Remains in the Hands of Local Government Entities," Los Angeles Daily Journal (October 31, 1996).

"When Dirt and Debt Are Not Indubitably Equivalent," Los Angeles Daily Journal (September 23, 1996).

"Municipal Debt Adjustment Under the Bankruptcy Code," Current Municipal Problems, Volume 22, No. 3, pp. 340-348 (1996).

"City Limits -- Legislature Considers Conditions on Chapter 9 Relief," Los Angeles Daily Journal (September 12, 1995).

"The Deficits of Orange County," Los Angeles Lawyer (July-August 1995).

"Municipal Debt Adjustment Under the Bankruptcy Code," Municipal Attorney, Volume 36, No. 4 (July/August 1995).

"Municipal Debt Adjustment Under the Bankruptcy Code," The Urban Lawyer, Volume 27, No. 3, pp. 531-604 (Summer 1995).

"Municipal Debt Adjustment Under the Bankruptcy Code," Government Finance Review, Volume 11, No. 3, pp. 27-29 (June 1995).

"Municipal Debt Adjustment -- A Look at How Chapter 9 Allowed Orange County to Provide Essential Services While Undergoing Debt Restructuring," The Federal Lawyer, Volume 42, No. 4, pp. 18-24 (May 1995).

"Chapter and Verse -- An Analysis of Municipal Debt Adjustment Under the Bankruptcy Code," Los Angeles Daily Journal, pp. 7-8 (April 13, 1995).

"Intellectual Property Issues in Chapter 11 Bankruptcy Reorganization Cases," IDEA: The Journal of Law and Technology, Volume 35, No. 4, pp. 383-406 (1995).

"Basic Issues and Alternatives Facing Litigators When Bankruptcy Interrupts the Litigation Process," Commercial Law Journal, Volume 99, No. 4, pp. 401-45 (Winter 1994).

"Sales of Substantially All Assets of Chapter 11 Bankruptcy Estates Outside of a Plan," Commercial Law Bulletin, Volume 9, No. 5 (September/October 1994).

"Break-Up Fees in Bankruptcy," Commercial Law Bulletin, Volume 9, No. 4 (July/August 1994).  Note, "Cable's 'Non-Cable Communications Services': Cable Television as a Common Carrier," 8 COMMENT 75 (1985).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SULMEYERKUPETZ, A PROFESSIONAL CORPORATION, AS BANKRUPTCY COUNSEL; DECLARATIONS OF KEVIN B. SCHATZLE AND VICTOR A. SAHN IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 26, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David S Kupetz on behalf of Debtor collab9, LLC, a Delaware limited liability company
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Matthew A Lesnick on behalf of Creditor SecureComm. LLC
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Victor A Sahn on behalf of Debtor collab9, LLC, a Delaware limited liability company
vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Avaya, Inc.
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Claire K Wu on behalf of Debtor collab9, LLC, a Delaware limited liability company
ckwu@sulmeyerlaw.com,
mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com;kfiles@sulmeyerlaw.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ________________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

Main Document Page 36 of 36

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 26, 2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
collab9, LLC
21515 Hawthorne Blvd.
Suite 200
Torrance, CA 90503
Email: kschatzle@collab9.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 26, 2021 | Maria R. Viramontes | */s/Maria R. Viramontes* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**