Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
David S. Kupetz (CA Bar No. 125062)
  dkupetz@sulmeyerlaw.com
Claire K. Wu (CA Bar No. 295966)
  ckwu@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for collab9, LLC,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>COLLAB9, LLC, a Delaware limited liability company,<br><br>Tax ID: 95-4650291<br><br>Debtor. | Case No. 2:21-bk-12222-ER<br><br>Chapter 11<br><br>**NOTICE OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SULMEYERKUPETZ, A PROFESSIONAL CORPORATION, AS BANKRUPTCY COUNSEL**<br><br>[11 U.S.C. §§ 327, 330; Fed. R. Bankr. P. 2014; LBR 2014-1(b)]<br><br>[No Hearing Required Unless Requested] |

CKW 2710655v2

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. §§ 327(a) and 330, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1(b), collab9, LLC, a Delaware limited liability company, debtor and debtor in possession in the above-captioned case (the "Debtor" or "collab9"), filed an application for authority to employ **Sulmeyer**Kupetz, A Professional Corporation ("SK"), as bankruptcy counsel in this case, effective as of March 19, 2021 (the "Application").

At the Debtor's request, SK has agreed to represent the Debtor and provide the Debtor with the following categories of services, among others, as the Debtor's bankruptcy counsel in this case: (a) preparation of bankruptcy schedules and statement of affairs, (b) compliance with United States Trustee requirements, including the preparation of the 7-day package and representation at 341(a) meetings of creditors, (c) the examination of claims of creditors in order to determine their validity, (d) giving advice and counsel to the Debtor in connection with legal issues, including, but not necessarily limited to, the use, sale or lease of property of the estate, use of cash collateral, postpetition financing, relief from the automatic stay, special treatment of creditors, payment of prepetition obligations, the rejection or assumption of leases, and related matters, (e) negotiation with creditors holding secured and unsecured claims, (f) preparing and presenting a plan of reorganization or liquidation and disclosure statement, (g) objecting to claims as may be appropriate, (h) review, analysis, legal research, and the preparation of documents, correspondence, and other communications with regard to the foregoing matters, and (i) in general, acting as counsel on behalf of the Debtor in any and all bankruptcy law and related matters which may arise in the course of this case. Such services will concern the rights and remedies of the Debtor with regard to the assets of the Debtor's estate ("Estate") and with regard to secured, priority, or unsecured claims which may be asserted in this case.

It is necessary for the Debtor to employ SK to undertake such actions as may be appropriate or necessary in connection with the preservation and realization of value of the Estate and the

reorganization of the Debtor.  Further, it is necessary and appropriate to employ bankruptcy counsel to advise the Debtor so that the Debtor may properly comply with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the requirements and guidelines of the United States Trustee, and any orders of this Court.

**PLEASE TAKE FURTHER NOTICE** that the Debtor propose to employ SK, effective as of the bankruptcy petition date, i.e., March 19, 2021 (the "Petition Date"), at the expense of the Estate, pursuant to 11 U.S.C. § 330, and in accordance with the terms and conditions set forth in the Application.

SK will charge the Debtor for services rendered at SK's ordinary hourly rates in effect at the time the services are rendered.  A schedule of the current rates being charged by attorneys and paraprofessionals of SK is attached to the Declaration of Victor A. Sahn (the "Sahn Declaration") as Exhibit 1, subject to periodic adjustment.  As set forth in Exhibit 1, at this time, SK bills its time at hourly rates ranging from $495 to $750 for attorneys, and $250 to $275 for paraprofessionals.  A resume of SK is attached to the Sahn Declaration as Exhibit 2, including a selective list of articles, together with the individual profiles of the attorneys at SK.  Victor A. Sahn, whose current hourly rate is $750, will be the attorney at SK with primary responsibility for SK's representation of the Debtor in this case.

At this time, the other attorneys at SK who are contemplated to work extensively on this matter are David S. Kupetz and Claire K. Wu.  Their current hourly rates are $725 and $495, respectively.  In addition, SK utilizes paralegals for certain tasks when appropriate to minimize fees incurred.  At this time, Karen L. Files, a paralegal at SK, is assigned to work on this matter.  Her hourly rate currently is $250.  SK will also seek reimbursement of out-of-pocket expenses incurred in this engagement in the course of its representation of the Debtor.

SK has not agreed to share any compensation for services rendered or to be rendered in any capacity in connection with this case between SK and any other entity, except among SK's members and employees.

SK seeks compensation pursuant to 11 U.S.C. § 330.  SK is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the United States Trustee Guidelines,

1  and shall comply with them.  SK understands that, notwithstanding anything to the contrary in this
2  Application, any and all fees and expenses sought or requested by, or paid to, SK are subject to
3  Court approval and in the amounts approved by the Court upon application, and in accordance with
4  any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court,
5  and any other applicable law and guidelines.  At the conclusion of this case or SK's proposed
6  engagement, SK will file an application seeking final allowance of all its fees and expenses,
7  regardless of whether monthly or interim compensation has been paid to SK.

**PLEASE TAKE FURTHER NOTICE** that SK was engaged by the Debtor as restructuring/bankruptcy counsel prior to the Petition Date.  SK provided prepetition services to the Debtor with regard to bankruptcy and restructuring issues, matters and alternatives and provided services in preparation for the commencement of a chapter 11 case by the Debtor.

Prior to the Petition Date, in connection with SK's representation of the Debtor, the Debtor provided SK a total of $135,000 as a retainer as an advance for fees and costs incurred as of the commencement of the Debtor's chapter 11 case, with the unused balance remaining to constitute an advance against fees and costs incurred after the commencement of the case (the "Retainer"), as follows: (a) $5,000 on or about January 28, 2021; (b) $50,000 on or about February 10, 2021; and (c) $80,000 on or about February 25, 2021.  SK applied $135,000 of the Retainer to fees and costs incurred in SK's representation of the Debtor pre-petition.  As a result, as of the commencement of the case, SK's unused prepetition Retainer balance remaining was zero.  The source of the Retainer received pre-petition is the Debtor's funds.  However, the Debtor received those funds from SecureComm. LLC ("SecureComm") and the payments made described above are included within the prepetition secured claim of SecureComm.

To ease the financial burden that would inure to SK in limiting payment only to every 120 days, consistent with any cash collateral stipulation, cash collateral usage, postpetition financing, and/or related budget approved by the Court, the Debtor and SK request that the Court authorize SK to receive payment on a monthly basis and as set forth below, with allowance of all such fees and costs subject to Court approval.

To the extent authorized by Court order(s) in connection with the Debtor's use of cash

collateral and/or postpetition financing, SK seeks authority to receive payments from the Debtor into SK's trust account on a weekly basis in the amount of $25,000 each week.  Each month, with amounts to be withdrawn from SK's trust account pursuant to the procedures set forth in the United States Trustee's Guide to Application for Retainers, and Professional and Insider Compensation for the Central District of California, funds shall be withdrawn.  As stated above, notwithstanding the foregoing monthly draw-down procedures, all compensation and reimbursement of expenses of SK shall be subject to approval of the Court.  The proposed procedure for draw down of Court-authorized post-petition advances is one that has been approved in numerous chapter 11 cases involving SK's employment as counsel to the debtor in possession in the Central District of California.  In this situation where SK has filed this bankruptcy case without holding a prepetition retainer, this procedure is particularly important to treating SK properly as a professional in this bankruptcy case.

**PLEASE TAKE FURTHER NOTICE** that the Application has been filed with the Clerk of the United States Bankruptcy Court and may be viewed at the Clerk's office located at 255 East Temple Street, Los Angeles, CA 90012, and/or through the Court's Case Management/Electronic Case Files System.  A copy of the Application may also be obtained by contacting proposed counsel at the address and telephone number indicated in the upper left corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that any opposition or other response to the Application, or a request for a hearing thereon, must comply with Local Bankruptcy Rule 9013-1(f)(1), and must be filed with the Clerk of the United States Bankruptcy Court and served upon the Debtor, proposed counsel at the address indicated in the upper left corner of the first page of this Notice, and upon the United States Trustee, not later than 14 days from the date this Notice was served (which is the date set forth below), plus an additional three days if you were served with this Notice by mail, electronically or pursuant to Rule 5(b)(2)(D) or (F) of the Federal Rules of Civil Procedure.  If any such response is timely received, the Debtor will set a hearing on the Application and send notice thereof.  No hearing will be set by the Debtor if no response and request for hearing is received timely.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Local Bankruptcy Rule 9013-

CKW 2710655v2    4

1(h), the failure to file a response to the Application may be deemed by the Court as your consent to the relief requested therein.

Dated: March 26, 2021                **Sulmeyer**Kupetz
                                     A Professional Corporation


By: */s/ Claire K. Wu*
    Victor A. Sahn
    David S. Kupetz
    Claire K. Wu
    Attorneys for collab9, LLC
    Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SULMEYERKUPETZ, A PROFESSIONAL CORPORATION, AS BANKRUPTCY COUNSEL  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  March 26, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David S Kupetz on behalf of Debtor collab9, LLC, a Delaware limited liability company
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Matthew A Lesnick on behalf of Creditor SecureComm. LLC
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Victor A Sahn on behalf of Debtor collab9, LLC, a Delaware limited liability company
vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Avaya, Inc.
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Claire K Wu on behalf of Debtor collab9, LLC, a Delaware limited liability company
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com;kfiles@sulmeyerlaw.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  March 26, 2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 26, 2021 | Maria R. Viramontes | /s/Maria R. Viramontes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

### 3. SERVED VIA E-MAIL

**DEBTOR**
collab9, LLC
21515 Hawthorne Blvd.
Suite 200
Torrance, CA 90503
Email: kschatzle@collab9.com

**ATTORNEYS FOR COLLAB9, LLC (Arbitration)**
Michael Dawson, Esq.
Greg K. Hafif, Esq.
L/O Herbert Hafif
269 W. Bonita Ave.
Claremont, CA 91711
Tele: (909) 624-1671
Email: mgdawson@hafif.com
          ghafif@hafif.com

**SECURED CREDITOR:**

SecureComm. LLC
Attn: Michael W. Chase
10655 NE 4th Street, Suite 700
Bellevue, WA 98004
Tele: (425) 505-2503
Email: mike.chase@fanagroup.com

**ATTORNEYS FOR SECURECOMM. LLC**
Matthew A. Lesnick
Lesnick Prince & Pappas LLP
315 West Ninth Street, Suite 705
Los Angeles, CA 90015
Phone: (310) 396-0964
E-mail: matt@lesnickprince.com

**20 LARGEST UNSECURED CREDITORS:**

Avaya Inc.
Attn: Bernie Barlow
4655 Great America Parkway
Santa Clarita, CA 95054
Tele: (408) 562-3449
Email: barlow@avaya.com
          derausen@avaya.com
          davidaustin@avaya.com

**ATTORNEYS FOR AVAYA INC. (Arbitration)**
Jessica R. Maziarz, Esq.
Lawrence G. Scarborough, Esq.
Jacob A. Kramer, Esq.
Bryan Cave Leighton, et al.
One Renaissance Square
2 N. Central Ave., Ste. 2100
Phoenix, AZ 85004-4406
Tele: (602) 364-7019
Email: Jessica.maziarz@bclplaw.com
          lgscarborough@bclplaw.com
          jacob.kramer@bclplaw.com

**ATTORNEYS FOR AVAYA INC.**
Kyle S. Hirsch, Esq.
Sharon Z. Weiss, Esq.
Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, AZ 85004-4406
Tele: (602) 364-7170
Email: kyle.hirsch@bclplaw.com
          sharon.weiss@bclplaw.com

Compunetix Incorporated
2420 Mosside Blvd.
Monroeville, PA 15146
Email: crista.smigel@compunetix.com

Equinix Inc
One Lagoon Drive
Redwood City, CA 94065
Tele: (866) 979-3749
Email: billing@equinix.com

Solarwinds
7171 Southwest Parkway Bldg. 400
Austin, TX 78735
Tele: (512) 682-9300
Email: accounting@solarwinds.com

Insight Direct USA
6820 S. Harl Ave
Tempe, AZ 85283
Tele: (877) 776-0610
Email: invoicingNA@insight.com

XO Communication
One Verizon Way
Basking Ridge, NJ 07920
Tele: (800) 569-8799
Email: invoiceinquiry@verizon.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

Lumen
1025 Eldorado Blvd.
Broomfield, CO 80021
Tele: (877) 253-8353
Email: Billing@Lumen.com

Allied Digital Services LLC (ADSL)
Attn: Kapil Mehta
680 Knox Street, Ste. 200
Torrance, CA 90502
Tele: (310) 431-3904
Email: Creditcustcare@allieddigital.net
   goreilly@allieddigital.net
   amansour@allieddigital.net

Axelliant, LLC
Attn: Adnan Khan
21250 Hawthorne Blvd, Ste 500
Torrance, CA 90503
Tele: (424) 535-1100
Email: adnan.khan@axelliant.com
   Asif.hudani@axelliant.com

Freshworks Inc.
2950 South Delaware St. 2nd Fl
San Mateo, CA 94403
Tele: (866) 832-3090
Email: billing@freshworks.com

Zones Inc
1102 15th Street S.W. Suite 102
Auburn, WA 98001
Tele: (800) 570-2410
Email: Invoicing@zones.com

Open Text Inc
2950 S. Delaware Street
Bay Meadows Statn 3 Bldg 3rd&4th Fl
San Mateo, CA 94403
Tele: (610) 966-2423
Email: accounts.receivable@opentext.com

Subsentio, LLC
2001 E. Easter Avenue Suite 302
Centennial, CO 80122
Tele: (303) 794-6936
Email: accounting@subsentio.com

GTT Communication, Inc.
7900 Tysons One Place, Ste 1450
McLean, VA 22102
Tele: (646) 214-4137
Email: billing@gtt.net

Intrado Life & Safety, Inc.
11808 Miracle Hills Drive
Omaha, NE 68154
Tele: (402) 571-3200
Email: SafetySvcs_Billing@intrado.com

Law Office of Stephen E Bozzo PLLC
1433 Harle Pl SW Leesburg
Leesburg, VA 20175
Tele: (703) 217-7143
Email: seblawoffices1@verizon.net

Key-Rite Security Lock & Safe
5570 E. Yale Ave.
Denver, CO 80222
Tele: (303) 759-5013
Email: ssandoval@key-rite.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                             F 9013-3.1.PROOF.SERVICE